IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY D. HILL,** : | Misc. No. 1:11-MC-297 |
| **Plaintiff.** : | |
| v. : | |
| : | (Magistrate Judge Carlson) |
| **CENTURY 21 APPRAISALS, et al.,** : | |
| **Defendants.** : | |

**REPORT AND RECOMMENDATION**

I.  **Statement of Facts and of the Case**

This matter comes before the Court on a petition for writ of mandamus filed by the plaintiff, Jeffrey Hill. With respect to litigation filed by Jeffrey D. Hill, we most assuredly do not write upon a blank slate. Quite the contrary, as early as 1996, this Court had observed that Hill had filed more than 40 frivolous lawsuits in federal court, and had imposed screening restrictions upon Hill. See Hill v. Gates, 940 F.Supp. 108 (M.D. Pa. 1996). Despite these restrictions, Hill has remained a prodigious, if prodigiously unsuccessful, litigant.

One recurring theme in Hill's litigation has been what he perceives as inequities in the real estate tax assessments employed in Lycoming County,

1

Pennsylvania, in 2004. Since 2004, Hill's complaints regarding this real estate assessment process have been the subject of at least three separate lawsuits which Hill has litigated to the United States Court of Appeals for the Third Circuit. In each instance, the court of appeals has upheld the dismissal of Hill's various complaints attaching these real estate assessments, finding that Hill's claims were frivolous. See e.g., Hill v. Carpenter, 323 F. App'x 167 (3d Cir. 2008); Hill v. Nassberg, 166 F. App'x 608 (3d Cir. 2006); Hill v. Nassberg, 130 F. App'x 615 (3d Cir. 2005).

In its most recent decision rejecting Hill's legal challenges to these local real estate tax assessments, the court of appeals also provided guidance regarding how best to screen lawsuits by this persistent, prolific and occasionally profane *pro se* plaintiff. Eschewing an outright ban on filings by Hill, the court of appeals stated that:

> In lieu of [a ban on filings], we recommend that the District Court-after providing notice and an opportunity to respond-consider adopting an order requiring Hill to obtain certification from a United States Magistrate Judge before bringing any future action in the Middle District of Pennsylvania. Such an approach has been endorsed by Courts of Appeals, see, e.g., Baum v. Blue Moon Ventures, LLC, 513 F.3d 181, 186-94 (5th Cir.2008) (upholding an injunction preventing an abusive litigant from filing claims in any federal district court, bankruptcy court, or agency without court permission); Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir.1996) ("[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."); In re Packer Ave. Assoc., 884 F.2d at 748 (requiring a litigant to obtain leave of the

> district court before filing any action relating to a particular bankruptcy case); Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir.1990) ("[D]istrict courts in this circuit may issue an injunction to require litigants to obtain the approval of the court before filing further complaints."), and it would prevent Hill from pursuing frivolous actions without denying him access to the courts.

Hill v. Carpenter, 323 F. App'x 167, 171-172 (3d Cir. 2009).

Adopting the approach suggested by the court of appeals, on February 16, 2011, this Court entered an order which advised Hill in clear and precise terms that he "is required to obtain certification from a United States Magistrate Judge prior to filing a future civil action within the Middle District of Pennsylvania." Hill v. Carpenter, No. 4:08-CV-591 (Doc. 18, p.3.)

Following the entry of this order we have been called upon on two occasions to apply this rule. Thus, in August and October, 2011, Hill tendered documents styled as complaints to the clerk of the United States District Court for the Middle District of Pennsylvania. These complaints alleges fraud, racketeering, and constitutional civil rights claims against the defendants arising out of Hill's longstanding, and discredited, complaints regarding the invalidity of the real estate assessments in Lycoming County. See In re Jeffrey Hill, No. 4:11-MC-243; In re Jeffrey Hill, No. 4:11-MC-297.

On both occasions, we conducted screening reviews of these complaints, and recommended that the complaints be dismissed as frivolous and that Hill not be certified to file these pleadings with the Court. Hill's response to these reports and recommendation has been procedurally erratic. In the first instance, Hill ignored the explicit guidance set forth in our report and recommendation, and endeavored to appeal the recommendation directly to the United States Court of Appeals for the Third Circuit instead of lodging objections with the district court. See In re Jeffrey Hill, No. 4:11-MC 243(Docs. 4, 6 and 7) By adopting this procedurally inappropriate course Hill has regrettably delayed a resolution of this matter. In the second instance Hill lodged objections to the report and recommendation with the district court. In re Jeffrey Hill, No. 4:11-MC-297 (Doc. 4) Hill then followed up on those objections by tendering two intemperate letters to the court, In re Jeffrey Hill, No. 4:11-MC-297 (Docs.5 and 6), before submitting the instant petition for writ of mandamus, which was filed on January 19, 2012. In re Jeffrey Hill, No. 4:11-MC-297 (Doc. 7)

Upon consideration of this latest petition, it is recommended that Hill's petition be denied.

## II.     Discussion

### A.     Hill is Not Entitled to Mandamus Relief

A petition for writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in a federal statute, 28 U.S.C. § 1361, which provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C.. § 1361.

Writs of mandamus compelling government officials to take specific actions are extraordinary forms of relief, which must comply with demanding legal standards. Indeed, it is well-settled that "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.' " In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000), (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)). Thus, as a general rule:

> There are two prerequisites to issuing a writ of mandamus. [Petitioners] must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable. See In re Patenaude, 210 F.3d 135, 141 (3d Cir.2000); Aerosource, Inc. v. Slater, 142 F.3d 572, 582 (3d. 1988).

Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003).

5

Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary, 93 F.3d 103, 112 (3d Cir.1996) (quoting Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir.1987)). See Ararat v. District Director, ICE, 176 F.App'x. 343 (3d Cir. 2006). Therefore:

> Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). See also Stehney, 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

Stanley v. Hogsten 277 F.App'x. 180, 181(3d Cir. 2008).

Here, Hill seeks through a writ of mandamus to compel this court to immediately rule on his objections to a report and recommendation. Hill's petition fails for several reasons. First, Hill ignores the legal principles governing mandamus requests of this type, which seek to direct courts to enter orders. When considering such petitions, we begin with the familiar proposition that: "Mandamus is an appropriate remedy in extraordinary circumstances only. Kerr v. United States Dist. Ct., 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976). A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to

obtain the desired relief, and must show that the right to issuance is clear and indisputable. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980); Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384, 74 S.Ct. 145, 148-49, 98 L.Ed. 106 (1953)." Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996). Recognizing the extraordinary nature of this relief, courts have reserved this remedy for truly extraordinary circumstances, holding that "a court may [only] issue a writ of mandamus on the ground that undue delay [in entering an order] is tantamount to a failure to exercise jurisdiction, see, e.g., McClellan v. Young, 421 F.2d 690 (6th Cir.1970)." Id. Applying this benchmark, courts have repeatedly rejected *pro se* mandamus petitions, like the instant petition, which seek to compel entry of an order by a court where the matter before the court entails a discretionary decision, and only a few months have elapsed. See e.g., In re Banks, No. 11-3438, 2011 WL 5347671 (3d Cir. Nov. 8, 2011); In re Thomas, 438 F. App'x 137 (3d Cir. 2011); Madden v. Myers, 102 F.3d 74, 79 (3d Cir.1996).

    These principles control here and compel denial of this mandamus petition, since Hill simply has not shown that the Court's consideration of the pending report and recommendation during the past two months has been tantamount to a failure to exercise jurisdiction. Quite the contrary, it is evident that any brief delay here is largely a product of a prudent response by the district court to Hill's initial, eccentric choice to appeal the first report and recommendation filed by this Court directly to

the United States Court of Appeals for the Third Circuit. While Hill pursued this quixotic legal course the district court justifiably deferred action on Hill's objection to the second report and recommendation filed by this Court pending a decision by the court of appeals on Hill's objections to the earlier, related report and recommendation lodged in this matter.

In sum, in this instance, where the Court's consideration of the merits of this matter has been deferred briefly while Hill has pursued a procedurally questionable appeal in a related case, mandamus relief is plainly not appropriate. Therefore, Hill's petition for writ of mandamus should be denied.

### III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the petition for writ of mandamus (Doc. 7) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

8

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of January 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge